# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **ARTHUR LEE SLOAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17CV00046 |
| | ) | |
| **CARRINGTON MORTGAGE SERVICES, LLC, ET AL.,** | ) ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| **ALEXANDRIA SLOAN** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17CV00047 |
| | ) | |
| **CARRINGTON MORTGAGE SERVICES, LLC, ET AL.,** | ) ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| **BARBARA LYNN SLOAN** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17CV00048 |
| | ) | |
| **CARRINGTON MORTGAGE SERVICES, LLC, ET AL.,** | ) ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| **CARL LESEUER** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17CV00049 |
| | ) |
| **CARRINGTON MORTGAGE** | ) |
| **SERVICES, LLC, ET AL.,** | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

*Michael E. Untiedt, Marion, Virginia, and Paul V. Morrison, II, Marion, Virginia, for Plaintiffs; John A. Nader, McGlinchey Stafford, PLLC, Washington, D.C. for Defendant Carrington Mortgage Services, LLC, and Dean L. Robinson, Orlans PC, Leesburg, Virginia, for Defendants Orlans PC and ALG Trustee, LLC.*

These related civil actions, involving allegations of trespass and conversion, were removed from state court. The plaintiffs have moved to remand the cases. One of the defendants, Carrington Mortgage Services, LLC ("CMS"), has moved to consolidate all four actions.[1] For the reasons that follow, while I find that the Notice of Removal likely adequately alleges diversity of citizenship, I will allow CMS to file an amended notice of removal. I also find that the cases involve common questions of law or fact and should be consolidated.

---

[1] CMS also moved for an extension of time to respond to the Complaints filed by the plaintiffs. Subsequently, the defendant filed its Answer. Thus, the defendant's motion for an extension is denied as moot.

I.

These are four separate lawsuits filed in a Virginia state court by the plaintiffs alleging claims of trespass and conversion of property. The actions were timely removed to this court by the defendants based on diversity of citizenship and amount in controversy. *See* 28 U.S.C. § 1332.

CMS has also moved to consolidate these actions pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure. The plaintiffs do not object to consolidation for discovery and pretrial purposes only, but object to consolidation for trial.

The plaintiffs have moved to remand the case on the ground that the Notice of Removal did not sufficiently identify the citizenship of each of the members of CMS, a limited liability company.

The motions have been fully briefed, argued, and are ripe for decision.

II.

A. MOTION TO CONSOLIDATE CASES.

The Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate these actions." *Fed. R. Civ. P. 42(a)(2)*. District courts have broad discretion when determining whether to consolidate actions pending within the same district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 933 (4th

Cir. 1977); *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982). Courts should consider "the risk of inconsistent adjudications of common factual and legal issues," the burden on the parties, "available judicial resources posed by multiple lawsuits," the "time required to conclude multiple suits" as opposed to a single action, and "the relative expense" to all parties. *Arnold*, 681 F.2d at 193.

These actions all involve the same questions of law and fact. The allegations arise out of the same set of events and the same two tracts of real property, in which the plaintiffs each have an interest, either as owners or tenants. In fact, the allegations in all four Complaints are identical to one another. Moreover, the questions of law are the same for each case: whether the defendants trespassed on the property and whether the defendants converted the plaintiffs' personal property.

The plaintiffs contend that they have each suffered separate and distinct losses of personal property, and consolidation of trials in this matter might be prejudicial by possibility limiting the amount of punitive damages awarded each plaintiff. I do not find this argument persuasive. Separating these matters into four separate trials would unnecessarily waste judicial resources and time, unduly burden the parties, and create a risk of inconsistent adjudications. Therefore, I will grant CMS's motion to consolidate the actions for all purposes, including trial.

B. MOTION TO REMAND.

A defendant "may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). A defendant wishing to remove an action to federal court must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C.A. § 1446(a).

In order to establish the citizenship of limited liability companies or other "artificial entities other than corporations," the court must look at the citizenship of all members of the entity, not just controlling or managing members. *Carden v. Arkoma*, 494 U.S. 185, 195-97 (1990); *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121-22 (4th Cir. 2004).

In pertinent part, the Notice of Removal filed by the defendants alleged that

> 3. Plaintiff admits that [he/she] is a citizen of the Commonwealth of Virginia . . . pursuant to 28 U.S.C. § 1332.
> . . . .
>
> 5. Carrington Mortgage Services, LLC is a Delaware limited liability company with its principal place of business in Anaheim, California. Carrington's sole member is Carrington Mortgage Holdings, LLC, a Delaware limited liability company with its principal place of business in Anaheim, California. Carrington Mortgage Holding, LLC's members are Carrington Holding Company, LLC, a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, and a private individual *who is not a citizen*

> *of the Commonwealth of Virginia*. Carrington Mortgage Holding Company's sole member is The Carrington Companies, LLC. The Carrington Companies, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut. The Carrington Companies, LLC's members are three private individuals *who are not citizens of the Commonwealth of Virginia*. Accordingly, Carrington [Mortgage Services, LLC] is not a citizen of the Commonwealth of Virginia.

Defs.' Notice of Removal 2-3, ECF No. 1 (emphasis added).

The plaintiffs argue that Notice of Removal does not adequately allege the citizenship of the parties because CMS does not identify the specific states of citizenship of some of the individual members. Instead, CMS simply alleges that such individuals are "not citizens of the Commonwealth of Virginia." *Id.* In support of their contention, the plaintiffs cite to *Prindle v. Carrington Mortgage Services, LLC*, No. 3:13-CV-01349-MMH-PDB (M.D. Fla. Nov. 7, 2013) and *Miley v. Carrington Mortgage Services, LLC*, No. 3:17-00143-JWD-EWD (M.D. La. Mar. 21, 2017). In those cases, CMS was found to have insufficiently alleged diversity in its notice of removal by either failing entirely to identify the citizenship of its members or failing to affirmatively allege citizenship. These cases, however, do not represent the standard set forth in the Fourth Circuit, which I am required to follow.

While "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal," *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994), traditional short averments of diversity jurisdiction are

sufficient to allege diversity jurisdiction in a notice of removal. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008).

I believe that CMS has adequately alleged in its Notice of Removal the citizenship of each defendant's members. Basic jurisdictional allegations, such as those made here, are sufficient when made in a notice of removal. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008) (stating that "a defendant filing a notice of removal . . . need only *allege* federal jurisdiction with a short plain statement – just as federal jurisdiction is pleaded in a complaint," and citing *Ellenburg*); *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011) ("*Ellenburg* simply requires a defendant's notice of removal to parallel the jurisdictional requirements for a complaint in federal court."); *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633, 636 (S.D. W. Va. 2009) ("*Ellenberg* stands for the proposition that federal jurisdiction is properly pled when a removing defendant alleges that the parties are diverse and that the amount in controversy exceeds the jurisdictional limit.").

In any event, CMS represents that it is able to file an amended notice of removal setting forth the citizenship of each of its members. I will allow it to do so, and deny the Motion to Remand, conditioned upon the filing of such an amended notice of removal.

III.

For the foregoing reasons, it is hereby **ORDERED** that:

1.   The Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a), ECF No. 7, is GRANTED and the four actions are consolidated for all purposes.

2.   The plaintiffs' motions to remand in each case are DENIED, conditioned upon CMS filing in each case within 7 days an amended notice of removal setting forth the citizenship of each of its members.

ENTER: January 23, 2018

/s/  James P. Jones
United States District Judge